## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TYHINA HELEN TOLBERT, a/k/a Tyhina Helen Talbert, | Case No. 14-CV-4996 (JNE/SER) |
| Plaintiff, | |
| v. | |
| HENNEPIN COUNTY HUMAN SERVICES AND PUBLIC HEALTH DEPARTMENT; PAM ALLMAN; PATRICIA DOHERTY; MONICA TYLER; MICHAEL BROGDAN; LISA BERRY; JOHN L. LEE; CHEQETTA DEADMON; ENELL HENDERSON-EVANS; HARRIS COUNTY TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; JOY AJIODO; and KRISTI RICE, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Tyhina Helen Tolbert filed a complaint alleging defendants violated her constitutional rights, and seeks monetary recovery pursuant to 42 U.S.C. § 1983. Tolbert submitted an application for leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915. That IFP application is now before the Court for consideration.

An IFP application will be denied, and the action dismissed, when an IFP applicant files a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court accepts all of the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although

1

factual allegations in a complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Tolbert's amended complaint is difficult to follow, but each of her allegations appears to stem from the 2012 removal of her children from her residence by employees of defendant Harris County Texas Department of Family and Protective Services ("Harris County").  Tolbert alleges that this removal violated her First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights.  *See* Am. Compl. at 8-12 [ECF No. 4].  Tolbert seeks $121,000,000 in compensatory damages as a result of these alleged violations.  *Id*. at 15.

This Court finds, however, that Tolbert's amended complaint fails to state a claim upon which relief can be granted.  As an initial matter, there are no substantive allegations whatsoever in the complaint with respect to nine of the ten individual defendants (Allman, Doherty, Tyler, Brogdan, Berry, Lee, Deadmon, Ajiodo, and Rice).  None of these nine defendants is even *mentioned* by name in the complaint, outside of the caption and list of defendants.  It is unclear what specific role any of these individuals played.  Without specific factual allegations directed towards these individuals, this Court cannot find that any of these nine defendants is liable under § 1983.[1]  *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (noting that a claimant

---

[1] Tolbert's amended complaint also faces an additional problem with respect to these nine defendants. Each of the above-listed defendants is a public employee.  Because the amended complaint does not specify whether the suit is brought against those defendants in their individual or official capacities, this Court must interpret Tolbert's amended complaint as raising

bringing claims under § 1983 must allege facts supporting each individual defendant's personal involvement or responsibility for the unconstitutional action).

Unlike the other nine individual defendants, Tolbert does raise factual allegations in her amended complaint as to defendant Enell Henderson-Evans. *See* Am. Compl. at 15-16. Although difficult to follow, it appears that Tolbert is alleging that Henderson-Evans is one of several people (including many individuals not named as defendants) who have had inappropriate contact with her children since their removal by Harris County. That said, it is unclear from the amended complaint how Tolbert believes Henderson-Evans violated *her own* rights (as opposed to those of her children,[2]) and thus this Court cannot find that Tolbert has stated a viable claim against Henderson-Evans, either. Moreover, it does not appear from the amended complaint that Henderson-Evans (unlike the other defendants) is a state actor or a willful participant in a joint activity with the government, and thus Tolbert cannot bring claims under § 1983 against Henderson-Evans. *See Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014).

Finally, Tolbert brings claims against two governmental entities: Harris County, and the Hennepin County Human Services and Public Health Department ("Hennepin County"). But "[a] municipality can be liable under § 1983 only if a municipal policy or custom caused a

only official-capacity claims. *See Alexander v. Hedback*, 718 F.3d 762, 766 & n.4 (8th Cir. 2013). A suit against public employees in their official capacity is merely a suit against the public employer, *see id.*, and so Tolbert's official-capacity claims against these individual defendants fail for the same reasons her claims against their employers (Harris County and the Hennepin County Human Services and Public Health Department) fail, as discussed below.

[2] Because Tolbert is not an attorney, she cannot litigate the claims of other persons in federal court, including her children. *Buckley v. Dowdle*, No. 08-1005, 2009 WL 750122, at *1 (8th Cir. Mar. 24, 2009) (per curiam) (citing *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005)); *accord Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (per curiam); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *Osei–Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam).

plaintiff to be deprived of a federal right." *Alexander*, 718 F.3d at 766.  Tolbert has not alleged the existence of any municipal policy or custom pursuant to which officials with Harris County or Hennepin County violated her constitutional rights.  Without such allegations, Tolbert cannot succeed in her § 1983 claims against those municipal defendants.

Because Tolbert's amended complaint fails to state a claim upon which relief may be granted as to each of the named defendants, this Court recommends that Tolbert's application to proceed IFP be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.      The application to proceed *in forma pauperis* of plaintiff Tyhina Helen Tolbert [ECF No. 2] be DENIED.

2.      This action be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:  February 6, 2015                         *s/Steven E Rau*
                                                 Steven E. Rau
                                                 U.S. Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 23, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within fourteen days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.   A district judge shall make a de novo determination of those portions of the Report to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.